The judgment of the United States Customs Court is *affirmed*.

UNITED STATES *v.* C. J. TOWER & SONS ET AL. (No. 3294)[1]

United States Court of Customs and Patent Appeals, November 10, 1930

*Charles D. Lawrence*, Assistant Attorney General (*Philip Stein* and *Ralph Folks*, special attorneys, of counsel), for the United States.
Submitted on record by appellee.

---

[1] T. D. 44380.

[Oral argument October 9, 1930, by Mr. Folks]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

BLAND, Judge, delivered the opinion of the court:

This is a Government appeal from the judgment of the United States Customs Court, reversing the classification of the collector of certain so-called glass cullet under the provision for "and all glass or manufactures of glass * * *" under paragraph 230 of the Tariff Act of 1922, and holding the merchandise dutiable as "waste, not specially provided for" under paragraph 1457 of the said act. The pertinent portions of the paragraphs to be considered follow:

PAR. 230. * * * and all glass or manufactures of glass or paste, or of which glass or paste is the component material of chief value, not specially provided for, 50 per centum ad valorem.

PAR. 1457. Waste, not specially provided for, 10 per centum ad valorem.

PAR. 214. Earthy or mineral substances wholly or partly manufactured * * * not specially provided for, * * * 30 per centum ad valorem; * * *

Glass cullet is defined in Webster's New International Dictionary as follows: "Cullet. * * * broken or refuse glass for remelting." Glass is defined in the same authority as follows:

Glass. * * * An amorphous substance, usually transparent or translucent, consisting ordinarily of a mixture of silicates, but in some cases of borates, phosphates, etc. Most glass is made by fusing together some form of silica, as sand, an alkali, as potash or soda, and some other base as lime or lead oxide.

The merchandise involved consists of lumps or large pieces of mineral substance, the origin and nature of which are described by the only witness testifying in the case, in the following portion of his testimony:

* * * Glass is a product of sand, soda, and lime; after a batch is mixed and placed in a tank and the tank is heated to a high temperature, at which all of these elements flux, and begin to flow, this molten batch is drawn up into cylinders or drawn up flat, and then after it is cut it forms window glass. Frequently tanks or plants are abandoned and the plant at Thorold was abandoned by Pilkington Bros. and this material with this sand, soda, and lime, which is in the tank, hardens because the fires are turned out. This material hardens, and forms mass, some of which is densely white and shaded off to a light green. To remove these from the tank it must be chopped up into pieces about a foot square, and it is loaded up in box or coal cars as waste material if it is to be used by any other plant in the manufacture of glass. (R. 9.)

The witness further testified that he purchased the merchandise from a glass factory and sold it to a glass factory; that the material could not be made into glass in any plant without adding to it sand, soda, and lime from which new glass could be made; that if the operation in process at the time the fires were turned out had continued, glass would have resulted from the operation, but that the operation

was stopped before it was completed, and that while he regarded this as glass cullet, it took several more steps before it became glass.

It is apparent from an examination of the exhibits in the case that the melting process in the tank ceased before the several ingredients had sufficiently fused and mixed to be ready for withdrawal from the tank. Pieces of cullet and other forms of mineral substances, in an unfused condition, may be plainly seen.

The Government contends that the court below erred in holding the same to be waste and in disregarding this court's decision in *United States* v. *Bassichis Co. et al.*, 16 Ct. Cust. Appls. 410, T. D. 43133, and argues that the *Bassichis Co.* case is controlling in so far as this material is used for the same purposes as was the broken glass in that case.

In the Government's brief it is apparently recognized that some difficulty would be encountered in applying the *Bassichis Co.* case to the instant merchandise and it is suggested, in event the classification of the collector is not sustained, that the merchandise should be declared dutiable under the provisions of paragraph 214 of the same act at 30 per centum ad valorem as an earthy or mineral substance wholly or partly manufactured, not specially provided for.

The decision in the *Bassichis* case does not hold that broken glass is not waste, but holds that owing to the history of the "broken glass" and "all glass" legislation, Congress, in the enactment of the act of 1922, had given legislative approval to a judicial interpretation of a provision for glass, broken, which required the classification of the broken glass under consideration under the "all glass" paragraph.

We do not regard the instant importation as broken glass. The record clearly shows that in the tank, when the last manufacturing process upon it had been completed, it still remained a material which would require further processing to become glass. True enough it contained all the ingredients, which, if further processed, would have become glass. This, however, is true of the original ingredients that were put into the tank before any heating was done at all.

That the controlling consideration in *United States* v. *Bassichis Co.*, *supra*, does not control in the case at bar is so obvious as to need no extended discussion. We conclude, therefore, that the Government's contention that the merchandise is "all glass" can not be sustained.

The court below found the merchandise at bar to be "waste, not specially provided for." The definition of "waste," as laid down in *Willits & Co.* v. *United States*, 11 Ct. Cust. Appls. 499, T. D. 39657, and cases therein cited, would seem to conclusively show that the partly-manufactured article at bar here, which was in no sense a refuse, remnant, or by-product, but was a partly-manufactured article coming from a manufacturing effort which was incomplete, is not waste in the tariff sense.

The importer claims that if the material is not dutiable as waste, it is dutiable as a nonenumerated, partly manufactured product under paragraph 1459. If the merchandise were not enumerated in the tariff act, this would be true. We think, however, it is specially provided for.

The importation is admittedly an earthy or mineral substance and is partly manufactured, and, we think, is aptly described and provided for in paragraph 214, *supra*, and should have been so classified.

The importer did not claim in the protest that the goods were dutiable under paragraph 214. The judgment of the United States Customs Court, therefore, is *reversed* without approval of the classification of the collector.